UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT COOK,

     Petitioner,

             CASE NO. 2:13-CV-10784
v.             HONORABLE GEORGE CARAM STEEH

KENNETH ROMANOWSKI,

     Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I. Introduction**

Michigan prisoner Lamont Cook ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. The petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, carjacking, MICH. COMP. LAWS § 750.529a, felonious assault, MICH. COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony ("felony firearm"), MICH. COMP. LAWS § 750.227b, following a bench trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of 11 to 25 years imprisonment on the armed robbery and carjacking convictions, a concurrent term of two to four years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2008.

In his pleadings, the petitioner raises claims concerning the sufficiency of the evidence, the validity of his sentence, and the effectiveness of appellate counsel.  For the reasons set forth herein, the court finds that those claims lack merit and denies the habeas petition.  The court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from an incident that began at a gas station in Detroit, Michigan during the early morning hours on January 19, 2008.  At trial, the victim, testified that he stopped at a Valero gas station to get gas when he was approached by two men, an unknown man and the petitioner.  The unknown man opened the car door, hit him with a gun which he believed was a .38 revolver, and demanded his stuff.  The men took his wedding ring from his finger and his wife's rings from his pocket.  The petitioner also took $23 from his pocket while the unknown man held the gun on him.  The unknown man got into the driver's seat and pushed the victim to the passenger's seat, while the petitioner got into the backseat and held the gun on him.  They told him that they knew he had more money and demanded it.  The victim said that he would get them more money if he could make a call.  They drove around the neighborhood.  As they drove, the petitioner struck him in head with the gun several times.  They told him that they thought a car was following them and that they would have to kill him.  The petitioner kept demanding more money and then told the unknown man to drive to an alley so that he could kill the victim.  The victim heard police sirens.  The unknown man jumped from the car while it was still moving.  The police apprehended the petitioner and the victim.  The victim said that he had $700 in his

pocket that he kept from the two men.  He also admitted that he did not suffer any cuts or bruises from being struck with the gun.

A witness to the crime testified that he saw the two men approach the victim, saw a gun, and saw the man in the backseat of the car hit the victim.  He followed the car when it left the gas station and called 911.  The police showed up 10 to 15 minutes later and he saw the driver jump from the car and flee the scene.  The police arrested the other two men in the car until he told them that the man in the passenger seat was the victim.

A Detroit police officer testified about responding to the scene and arresting the petitioner.  The parties stipulated that no gun or jewelry were recovered from the petitioner.

The petitioner testified in his own defense at trial.  He claimed that he walked to the gas station to get cigarettes and saw two men sleeping in a car.  He recognized the driver, a man named Will, from the area and knocked on the window.  The driver offered him a ride home, which he accepted.  While they were driving, the police began to follow them and the driver jumped out of the car.  The petitioner denied that he or the driver had a gun. He also denied threatening, striking, or robbing the victim.

At the close of trial, the trial court credited the victim's and the eyewitness's testimony over the petitioner's testimony and found the petitioner guilty of the charged offenses.

The trial court subsequently conducted a sentencing hearing.  At that hearing, the parties agreed that Prior Record Variable 7 should be scored at 20 points.  The trial court did not score points on any Prior Record Variable for the petitioner's Ohio convictions because it could not verify that they were less then 10 years old.  The trial court then sentenced the petitioner to the terms of imprisonment previously set forth.

-3-

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals challenging the sufficiency of the evidence to support his felony firearm conviction.  The court determined that the claim lacked merit and affirmed the petitioner's convictions and sentences.  People v. Cook, No. 287735, 2009 WL 3789975 (Mich. Ct. App. Nov. 12, 2009) (unpublished).  The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  People v. Cook, 485 Mich. 1131, 779 N.W.2d 812 (2010).

The petitioner subsequently filed a motion for relief from judgment with the state trial court raising several claims of error, including claims that the court erred in scoring Prior Record Variable 7 at 20 points and that appellate counsel was ineffective for failing to object to that issue at sentencing.  The trial court found that the petitioner's claims lacked merit and denied relief.  People v. Cook, No. 08-1687-01 (Wayne Co. Cir. Ct. April 27, 2011).  The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  People v. Cook, No. 306447 (Mich. Ct. App. May 2, 2012).  The petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.  People v. Cook, 493 Mich. 891, 822 N.W.2d 579 (2012).

The petitioner thereafter filed his federal habeas petition raising the following claims:

I.      A writ should issue where the state appellate courts were incorrect when they found that there was sufficient evidence for the trial court to find felony firearm even though the weapon was not recovered and the State failed to establish that the weapon was operable.

II.     A writ should issue because he was denied his Sixth Amendment right to effective assistance of counsel where his appellate attorney failed to raise a "dead bang winner" claim regarding the State's use of materially inaccurate or false information during sentencing.

-4-

III.    A writ should issue where the state court failed to properly exercise judicial discretion when sentencing him on materially inaccurate or false information thereby denying him due process in violation of the Fourteenth Amendment.

The respondent has filed an answer to the petition contending that it should be denied because the claims lack merit and/or are barred by procedural default.

## III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's

-5-

case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.

-6-

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  Harrington, 131 S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court."  Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

IV.     **Analysis**

A.     **Procedural Default**

As an initial matter, the respondent contends that one or more of the petitioner's habeas claims are barred by procedural default.  It is well-settled, however, that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)).  The Supreme Court has explained the rationale behind such a policy:   "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." Lambrix, 520 U.S. at 525.  In this case, the substantive issues are easier to resolve such that the interests of judicial economy are best served by addressing the merits of the petitioner's claims.

B.     **Sufficiency of the Evidence Claim**

The petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his felony firearm conviction.  In particular, the petitioner argues that the weapon was never found and the prosecution failed to establish that it was operable.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009). Furthermore, the Jackson standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." Matthews, 319 F.3d at 788-89.

Under Michigan law, the elements of felony firearm are that the defendant possessed a firearm during the commission of, or an attempt to commit, a felony offense. MICH. COMP. LAWS § 750.227b; People v. Akins, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003) (quoting People v. Avant, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999)). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense. People v.

Nowack, 462 Mich 392, 399-400, 614 N.W.2d 78, 81 (2000); People v. Jolly, 442 Mich.

458, 466, 502 N.W.2d 177, 180 (1993).

Applying the Jackson standard, the Michigan Court of Appeals found that the

prosecution presented sufficient evidence to support the petitioner's felony firearm

conviction and denied relief on this claim.  The court explained in relevant part:

> Defendant argues that the prosecution failed to present legally sufficient evidence to support defendant's conviction for felony-firearm. Defendant claims the prosecution did not present any evidence that the firearm at issue was a real firearm or that it was an operable firearm. Defendant argues that the felony-firearm statute requires that the prosecution, as part of its case in chief, prove that defendant had a firearm that was operable. Because the prosecution failed to do so, defendant's felony-firearm conviction should be reversed.
>
> The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. People v. Taylor, 275 Mich. App. 177, 179, 737 N.W.2d 790 (2007). A firearm is a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air. MCL 750.222(d); People v. Osantowski, 274 Mich. App. 593, 610, 736 N.W.2d 289 (2007), rev'd in part on other grounds 481 Mich. 103, 748 N.W.2d 799 (2008).
>
> In the past, there has been some controversy over the definition of a firearm-whether the prosecution has to demonstrate that the firearm at issue is operable-within the felony-firearm statute and other similar statutes. See People v. Brooks, 135 Mich. App. 193, 353 N.W.2d 118 (1984) ("Whether a firearm must be operable to warrant a conviction under the felony-firearm statute is an issue that has been before this Court on several prior occasions."). Defendant cited to cases regarding the concealed weapons statute where a showing of operability is required. See People v. Huizenga, 176 Mich. App. 800, 806, 439 N.W.2d 922 (1989). This case, however, only concerns the felony-firearm statute. In 2006, the Michigan Supreme Court expressly resolved the issue of operability under the felony-firearm statute. People v. Peals, 476 Mich. 636, 720 N.W.2d 196 (2006). In Peals, the Supreme Court held that the crime of felony-firearm "does not require proof that the firearm was 'operable' or 'reasonably or readily operable.' Rather, the statute requires only that the weapon be of a type that is designed or intended to propel a dangerous projectile." Id. at 642, 720 N.W.2d 196. The Supreme Court reasoned that requiring a showing of operability would allow a felon to avoid prosecution simply by "separating his firearm into separate

-10-

parts, hiding a critical part of the firearm, or discarding the firearm immediately after being seen possessing it so that its level of operability could not be determined." Id. at 643, 720 N.W.2d 196. The Court found such a result to be "altogether arbitrary and irrational." Id.

The only issue here is whether the object defendant possessed was itself a firearm or an operable firearm. The prosecution proffered sufficient evidence to demonstrate that the weapon defendant possessed was a firearm. Nakeem Hicks, the owner of the car that was carjacked, identified the gun-that initially was held by Will, defendant's friend, but ended up in the hands of defendant-as a .38 revolver. Moreover, Hicks testified that defendant hit him on several occasions with the gun, which was made out of metal and was not a toy, and thus, likely designed to propel a dangerous projectile. Moreover, defendant threatened to kill Hicks in the alley, presumably with the firearm, when Will and defendant noticed they were being followed. An eyewitness, Orlando Robinson, corroborated Hicks' account of the events of the morning of July 19, 2008. Furthermore, if the object was not a firearm, it seems unlikely that defendant would discard it. Viewed in the light most favorable to the prosecution, given that the prosecution was not required to prove operability, the evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of felony-firearm.

Cook, 2009 WL 3789975 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecution presented sufficient evidence to establish the petitioner's guilt of felony firearm through the testimony of the victim and the eyewitness to the crime, as well as reasonable inferences from that testimony. For example, the victim described the weapon as a .38 revolver made of metal and testified that the petitioner hit him with it and threatened to kill him. A victim's testimony alone can be constitutionally sufficient to sustain a conviction. See Tucker v. Palmer, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Considered in a light favorable to the prosecution, such evidence was sufficient to show that the petitioner (and his fellow perpetrator) used a firearm during the commission of the crime.

-11-

The petitioner asserts that the prosecution failed to prove that the gun was operable. As discussed by the Michigan Court of Appeals, however, Michigan law does not require a showing of operability and only requires a showing that the weapon "be of a type that is designed or intended to propel a dangerous projectile." People v. Peals, 476 Mich. 636, 642, 720 N.W.2d 196 (2006). It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005); see also Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). Again, the victim's testimony provided sufficient evidence to establish that the weapon was a firearm within the meaning of the statute.

The petitioner challenges the state trial court's evaluation of the evidence and the inferences that the court drew from the trial testimony. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve any evidentiary conflicts. Jackson, 443 U.S. at 326; Martin v. Mitchell, 280 F.3d 594, 618 (6th Cir. 2002); see also Walker v. Engle, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The trial court's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that the petitioner committed the crimes of which he was convicted, including felony firearm. Habeas relief is not warranted on this claim.

### C.    Sentencing Claim

The petitioner also asserts that he is entitled to habeas relief because the trial court erred in scoring Prior Record Variable 7 of the state sentencing guidelines at 20 points and relied upon inaccurate information in doing so.  The petitioner first raised this claim on collateral review in the state courts.  The state trial court determined that the petitioner's sentencing claims lacked merit.  The state appellate courts both denied leave to appeal.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.  As an initial matter, the court notes that the petitioner's sentences are within the statutory maximums of life imprisonment for armed robbery, carjacking, and felonious assault and two years imprisonment for felony firearm.  MICH. COMP. LAWS §§ 750.529, 750.529a, 750.82, 750.227b.  A sentence within the statutory limits is generally not subject to federal habeas review.  Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  The petitioner makes no such showing.

The petitioner asserts that the trial court erred in scoring Prior Record Variable 7 at 20 points.  This claim, however, is not cognizable on federal habeas review because it is a state law claim.  See Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); Cheatham v. Hosey, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir.

Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); McPhail v. Renico, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); Robinson v. Stegall, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw, 546 U.S. at 76; Sanford, 288 F.3d at 860. Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The petitioner thus fails to state a claim upon which relief may be granted as to this issue.

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. Townsend, 334 U.S. at 741; see also United States v. Tucker, 404 U.S. 443, 447 (1972); United States v. Sammons, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992). The petitioner makes no such showing. Rather, the record indicates that he had a sentencing hearing before the trial court with an opportunity to challenge the scoring of the guidelines. Defense counsel agreed with the scoring of Prior Record Variable 7 at 20 points. Moreover, the scoring of that variable was supported by the number of concurrent convictions in the case. See MICH. COMP. LAWS § 777.57 (providing that 20 points shall be assessed for "2 or more subsequent or concurrent convictions"). The petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which

he had no opportunity to correct.  The state trial court acted within its discretion at sentencing.  The petitioner fails to show that his sentences are unconstitutional.  Habeas relief is not warranted on this claim.

### D.    Effectiveness of Appellate Counsel

Lastly, the petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing sentencing issue on direct appeal. The petitioner first raised this claim on collateral review in the state courts.  The state trial court determined that the petitioner's allegations of ineffective assistance of counsel were conclusory and lacked merit.  The state appellate courts both denied leave to appeal.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.   The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  Id.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  Id. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  Id. at 689.  There is a strong

-15-

presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the disputed actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

With regard to appellate counsel, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

In this case, the petitioner cannot demonstrate that appellate counsel erred and/or that he was prejudiced by counsel's conduct given the state trial court's determination that the petitioner's underlying sentencing issues lacked merit, the state appellate courts' denial of leave to appeal, and this court's determination that the foregoing sentencing claim lacks

merit.  The petitioner fails to establish that appellate counsel was ineffective under the Strickland standard.  Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the court concludes that the petitioner's claims lack merit and that the habeas petition must be denied.

Before the petitioner may appeal the court's decision, a certificate of appealability must issue.   *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Having conducted the requisite review, the court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right.  No certificate of appealability is warranted.  Nor should the petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave

to proceed in forma pauperis on appeal is **DENIED**.

Dated:  February 24, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 24, 2015, by electronic and/or ordinary mail and also
on Lamont Cook #699065, Macomb Correctional Facility,
34625 26 Mile Road, New Haven, MI 48048.


s/Barbara Radke
Deputy Clerk

---